UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUSTIN CHRISTOPHER FARRSIAR,

        Petitioner,               Case No. 1:17-cv-359

v.                                         Honorable Janet T. Neff

SHANE JACKSON,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Justin Christopher Farrsiar presently is incarcerated at the Carson City Correctional Facility. Following a jury trial in the Gogebic County Circuit Court, Petitioner was convicted of operating or maintaining a laboratory involving methamphetamine, MICH. COMP. LAWS § 333.7401c(2)(f), operating or maintaining a laboratory near specified places, MICH. COMP. LAWS § 333.7401c(2)(d), and owning or using a vehicle, building or other place that he has reason to know will be used to manufacture a controlled substance, MICH. COMP. LAWS § 333.7401c(1)(a). On February 5, 2014, the court sentenced Petitioner, as a second-offense felony offender, to three concurrent prison terms of 8 to 30 years.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising four claims for relief:

    I.    [PETITIONER'S] CONVICTIONS SHOULD BE OVERTURNED BECAUSE THERE WAS INSUFFICIENT CREDIBLE EVIDENCE AT TRIAL TO PROVE THE DEFENDANT GUILTY OF THE CRIMES.

    II.    THE [PETITIONER'S] CONVICTION FOR COUNT III (FORMERLY COUNT V) MUST BE REVERSED BECAUSE THE CONVICTION VIOLATES THE CONSTITUTIONAL PROVISIONS OF DOUBLE JEOPARDY BECAUSE IT IS A NECESSARILY INCLUDED [OFFENSE] OF HIS OTHER TWO CONVICTIONS.

    III.    THE TRIAL COURT DENIED THE [PETITIONER] A FAIR TRIAL AND HIS DUE PROCESS RIGHTS BY: NOT ALLOWING AN ADJOURN-MENT FOR OBTAINING A DEFENSE EXPERT; NOT ALLOWING THE DEFENSE EXPERT TO TESTIFY; AND NOT SUPPRESSING THE TESTIMONY REGARDING CELL PHONE DATA BECAUSE OF THE DISCOVERY VIOLATION AND LACK OR PARTICULARITY IN THE SEARCH WARRANT.

    IV.    THE [PETITIONER] RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

(Def-Appellant's Br. on Appeal, ECF No. 1-1, PageID.108.)  In an unpublished opinion issued on May 14, 2015, the court of appeals rejected all appellate grounds and affirmed the convictions.

Petitioner filed a pro per application for leave to appeal to the Michigan Supreme Court, raising the four issues presented to the Michigan Court of Appeals, together with three new issues:

> V.   INADMISSIBLE EVIDENCE WAS USED AT TRIAL.
>
> VI.  A BRADY VIOLATION TOOK PLACE WHEN ADA SUPPRESSED HAVING 2 KEYS TO CRIME SCENE FROM CO-DEFENDANT. EXCULPATORY EVIDENCE MUST BE GIVEN TO DEFENSE.
>
> VII. DID POLICEMAN SNYDER LIE TO MAGISTRATE TO GET SEARCH WARRANT?

(Appl. for Leave to Appeal, ECF No. 1-1, PageID.223, 225, 227.)  In an order issued on October 28, 2015, the supreme court denied leave to appeal because it was not persuaded that the questions presented should be reviewed.  Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

During the pendency of his appeal, Petitioner filed three motions, which apparently were titled variously as motions for retrial or evidentiary fact hearing.  According to a later order of the circuit court, these motions raised three issues:  (1) a jailhouse recording yielded inadmissible evidence; (2) the prosecution's discovery violations prevented potentially exculpatory evidence from reaching the jury; and (3) due process violations occurred because of inconsistencies between trial testimony and a search warrant affidavit.  The trial court construed the motions as a single motion for relief from judgment and denied that motion on June 18, 2015.  (*See* 9/28/16 Cir. Ct. Ord., ECF No. 1-1, PageID.319 (describing earlier motions and order); Cir. Ct. Register of Actions, ECF No.

1-1, Page ID.105.) Petitioner did not appeal the circuit court's decision, but he would have had until December 18, 2015, in which to due so.

On May 2, 2016, Petitioner filed a second motion for relief from judgment, presenting the latter two of the three issues raised in the Supreme Court on direct appeal, together with a multi-part third issue:

> VIII. DUE TO RAMPANT PROSECUTOR MISCONDUCT, A DISCOVERY VIOLATION TOOK PLACE, PROSECUTOR TURNED OVER 6 SEARCH WARRANTS. JUDGE GOTHAM GAVE DEFENSE COUNSEL 1 HOUR AND 42 MINUTES (2:18-4:00 P.M.) TO CHECK OUT 6 WARRANTS (15 Pages) FOR CONSTITUTIONAL ERROR. JUDGE MISCONDUCT (JUDGE ERROR) 1 HOUR AND 42 MINUTES JUST WASN'T A FAIR AMOUNT OF TIME. JUDGE SHOULD HAVE GRANTED DEFENSE REQUEST FOR A CONTINUATION 30 DAY[]S WOULD HAVE BEEN FAIR. TRIAL COUNSEL TALASKA MISSED, THE FACT POLICE SNYDER LIED TO MAGISTRATE IN AFFIDAVIT TO GET SEARCH WARRANT. IN ADDITION EXCLUSIONARY EVIDENCE RULE SHOULD HAVE BEEN ARGUED AND IS BEING ARGUED HERE. MY DUE PROCESS RIGHT WAS VIOLATED, I ASK YOU TO INVALIDATE THIS WARRANT?

(2nd Mot. for Relief from J., ECF No. 1-1, Page ID.239, 251, 259.) In an order issued on September 28, 2016, the circuit court denied the second motion for relief from judgment, because Petitioner failed to demonstrate the good cause required to permit a second motion for relief from judgment under MICH. CT. R. 6.508(D)(3). (9/28/16 Cir. Ct. Ord., ECF No. 1-1, PageID.321.) Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals. On April 5, 2017, the court of appeals denied leave to appeal on the jurisdictional ground that, under MICH. CT. R. 6.502(G)(1), no appeal may be taken from the denial or rejection of a successive motion for relief from judgment.

Petitioner filed his application on or about April 17, 2017[1]

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on April 17, 2017, and it was received by the Court on April 20, 2017. Thus, it must have been handed to prison officials for mailing at some time between those dates. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 28, 2015. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 26, 2016.

Petitioner had one year from January 26, 2016, or until January 26, 2017, in which to file his habeas application. Petitioner filed on April 17, 2017. As a result, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the state court has completed its review. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

Petitioner filed three motions in the circuit court during the pendency of his direct appeal. The circuit court construed those motions as a motion for relief from judgment and denied it on June 18, 2015, prior to the Michigan Supreme Court's decision on his direct appeal. Moreover, Petitioner did not file an application for leave to appeal to the Michigan Court of Appeals. Petitioner had only six months to file such an application, and that time expired on December 18, 2015. Therefore, the habeas statute of limitations had not yet begun to run at the time Petitioner filed his first motion for relief from judgment, the time the trial court denied his first motion, and the expiration of time for filing an application for leave to appeal the denial of that motion. As a consequence, Petitioner's first motion for relief from judgment did not toll the statute of limitations.

Petitioner filed a second motion for relief from judgment on May 2, 2016. In order to toll the statute of limitations, an application for post-conviction relief must be "properly filed." 28 U.S.C. § 2244(d)(2). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). Petitioner's second motion for relief from judgment could not serve to toll the limitations period because it was not a "properly filed" application for State post-conviction review within the meaning of 28 U.S.C. § 2244(d)(2). Under the MICH. CT. R. 6.502(G)(1), defendants ordinarily are permitted to file only on motion for relief from judgment. *Id.* (applicable to motions filed after August 1, 1995). Only under very narrow circumstances is a defendant permitted to file a second motion for relief from judgment. *See* MICH. CT. R. 6.502(G)(2) (permitting the filing of a second motion for relief from judgment "based on a retroactive change in the law that occurred after the first motion for relief from judgement or a claim of new evidence that was not discovered before the first such motion") *Id.* The trial court denied Petitioner's second

motion for relief from judgment, expressly holding that Petitioner had failed to meet the requirements of MICH. CT. R. 6.502(G)(2). Because Petitioner's second motion was filed in violation of state law, it may not serve to toll the limitations period. *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that is rejected because it does not meet the limited exceptions of MICH. CT. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and *Artuz*, 431 U.S. at 10-11); *see also Rodriguez v. McQuidgen*, No. 08-cv-13263, 2009 WL 2742004, at *3 (E.D. Mich. Aug. 25, 2009) ("Because Petitioner's second unauthorized post-conviction motion was not 'properly filed' under Michigan law, it was not 'properly filed' for purposes of § 2244(d)(2).").

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner's arguments suggest that he might claim that he is actually innocent. However, Petitioner proffers no new evidence of his innocence, much less

evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day*, 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  May 16, 2017                             /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).