UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN CHRISTOPHER FARRSIAR,

    Petitioner,

v.

SHANE JACKSON,

    Respondent.
_____/

Case No. 1:17-cv-359

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as barred by the one-year statute of limitations (ECF No. 3). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 4). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner makes essentially two objections to the Report and Recommendation. First, Petitioner argues that the Magistrate Judge erred in determining his petition is time-barred and that the procedural default should be excused and the merits of his case reached (Pet'r Obj., ECF No. 4 at PageID.389, 392). Specifically, Petitioner argues that he should be excused from the procedural bar of the statute of limitations based on his actual innocence (*id.*). However, Petitioner

presents no new evidence in support of his actual-innocence claim. Instead, Petitioner merely reiterates his arguments regarding access to his apartment and expert testimony to refute his alleged drug use, arguments that are neither new, *see* R&R, ECF No. 3 at PageID.380-381, nor sufficient to satisfy the substantial showing required for an actual-innocence claim, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995). Petitioner's objection is therefore properly denied.

Second, Petitioner argues that the Magistrate Judge should have tolled the limitations period "**15 months** from the date that the trial court denied the **true** ("second or successive") post-conviction MOTION FOR RELIEF OF JUDGMENT" (Pet'r Obj., ECF No. 4 at PageID.392 [emphases in original]). The Magistrate Judge determined that Petitioner's second motion for relief from judgment could not serve to toll the limitations period because the motion was not a "properly filed" application for state postconviction review within the meaning of 28 U.S.C. § 2244(d)(2) where MICH. CT. R. 6.502(G)(1) generally permits only one motion for relief from judgment (R&R, ECF No. 3 at PageID.385). While Petitioner attempts to argue at this late date that the trial court improperly characterized his first three post-judgment motions as a motion for relief from judgment (Pet'r Obj., ECF No. 4 at PageID.390-392), Petitioner does not identify any error in the Magistrate Judge's analysis, nor does Petitioner describe an extraordinary circumstance that would justify equitable tolling. This objection is therefore also properly denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. A certificate of appealability will therefore be denied as to each issue asserted.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 4) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 3) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: November 16, 2017  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge